[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2011
JOHN LEY
CLERK

_____

No. 10-10304

_____

D. C. Docket No. 0:09-cv-60016-WPD

HOLLYWOOD MOBILE ESTATES
LIMITED, a Florida Limited Partnership,

Plaintiff - Appellant,

versus

MITCHELL CYPRESS, Chairman, Seminole
Tribe of Florida, RICHARD BOWERS,
Vice Chairman, Seminole Tribe of Florida,
MAX B. OSCEOLA, JR., ROGER SMITH,
DAVID CYPRESS, Council Members,
Seminole Tribe of Florida, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2011)

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

Hollywood Mobile Estates, Ltd., (HME) appeals the district court's dismissal of its lawsuit against various officials of the Seminole Tribe of Florida for lack of jurisdiction. The district court held the tribal defendants were entitled to sovereign immunity from HME's request for an injunction compelling them to restore HME to possession of certain leased premises and for "restitutionary relief" compelling the defendants to return rents collected from subleasees. The court held the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which provides a limited exception to sovereign immunity for certain suits against individual defendants, did not apply because: (1) the relief sought by HME was not prospective in nature; and (2) the requested relief implicated special sovereignty issues. We affirm the district court's conclusion that HME's request for the return of collected rents does not fall within the *Ex parte Young* exception and is thus barred by sovereign immunity. We remand to the district court for consideration of HME's request for an injunction restoring it to the premises.

## I. DISCUSSION

"We review de novo the district court's dismissal of a complaint for sovereign immunity." *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001). "'[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.'" *Id*. (quoting *Kiowa*

2

*Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1988)).  This immunity extends to tribal officials "when they act in their official capacity and within the scope of their authority."  *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999).

When tribal officials act beyond their authority, however, they are subject to suit under the doctrine of *Ex parte Young*.  *Id.*  The *Young* doctrine allows suits against officers "seeking *prospective* equitable relief to end continuing violations of federal law."  *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001).  The *Young* doctrine does not apply where the relief requested "implicates special sovereignty interests."  *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 281 (1997) (holding *Ex parte Young* did not allow a suit that was the "functional equivalent of a quiet title action").

## A.  HME's Request for "Restitutionary Relief"

The district court held the *Ex parte Young* doctrine did not apply to HME's request for "restitutionary relief" compelling the defendants to return collected rents because this request was not prospective in nature.  We agree this is a retrospective claim for damages rather than a prospective request for relief.   We therefore affirm the district court's holding that the tribal defendants are entitled to sovereign immunity on this claim.

*B.  HME's Request for an Injunctive Relief Restoring HME to Possession of the*

*Leased Premises*

The district court concluded HME's request for an injunction compelling

the defendants to return possession of the leased premises to HME could not

proceed under *Ex parte Young* because: (1) it was not prospective in nature; and

(2) it implicated special sovereignty interests and was thus barred by *Coeur*

*D'Alene*.

We first consider the district court's conclusion that HME's requested relief

was not prospective in nature.  HME's complaint alleges the defendants exceeded

the scope of their authority under 25 U.S.C. § 450f(a)(2)(E) and 25 C.F.R. 162.110

by unilaterally ejecting HME from the premises and by continuing to possess

property that HME is entitled to occupy under the lease.[1]  The district court

---

[1] We note that although the defendants claim the ejection was justified under the lease based on alleged breaches by HME, the Regional Director of the Bureau of Indian Affairs has concluded no material breach occurred.

We also note that we need not evaluate the merits of HME's claim at this stage of the litigation nor decide whether the tribal defendants' conduct in fact constituted a violation of federal law.  In determining whether the *Ex parte Young* exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotations and citation omitted).  "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 646 (noting the parties disputed whether federal law had been violated or even governed the dispute); *see also Coeur d'Alene*, 521 U.S. at 281 ("An allegation of an on-going violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction.").

concluded HME's request for an injunction restoring it to the property was not prospective because "it would remedy past, rather than future, harms" and "really requests an undoing of what was done in the past."

We disagree. HME has alleged the defendants are depriving it of its *present* right to occupy the property under the terms of the lease, in violation of federal law. HME's request for an injunction directing the tribal defendants to restore it to the property is prospective relief that will cure this ongoing violation. *Cf. State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007) (noting in the context of unlawful termination claims that "[e]very Circuit to have considered the issue . . . has held that claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar"); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) ("[R]einstatement . . . is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment."). As such, we conclude the district court erred in its determination that HME sought retrospective relief, and we hold that HME's requested injunction is prospective equitable relief of the type permissible under *Young*.

The tribal defendants have argued, however, that even if HME's requested relief generally satisfies the requirements of *Young*, it is nonetheless barred under

the doctrine of *Coeur d' Alene* because it implicates special sovereignty interests. In *Coeur d'Alene*, the Supreme Court held *Ex parte Young* did not allow relief where the underlying lawsuit was "the functional equivalent of a quiet title action which implicates special sovereignty interests." 521 U.S. at 281. The Court noted the suit in question effectively sought a determination that certain submerged lands "are not even within the regulatory jurisdiction of the State," and the relief requested would "diminish, even extinguish, the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory." *Id.* at 282.

Here, the tribal defendants contend HME's requested relief implicates special sovereignty interests because it could only be obtained by: (1) ordering the tribal council members into session; (2) compelling them to place matters on the agenda contrary to established procedures; and (3) forcing members to abandon their obligations of office and vote as the court has directed, contrary to the interests of the Tribe. The district court agreed *Coeur d'Alene* applied, holding HME's requested relief would require the court "to tell the Tribal Council to convene and what to do."

As an initial matter, we note a void in the record that complicates our review of this issue. In keeping with their contention that only the Tribal Council as a

whole has the authority to manage lands, the tribal defendants contend in their brief that HME was initially removed from the leased property pursuant to the "official *deliberative* act of a majority vote of a quorum of the Tribal Council Members, acting collectively while in legal session, wherein the Tribal Council authorized the sovereign government of the Tribe to undertake a self-help remedy expressly authorized" under the lease. However, the record does not contain any such ordinance or resolution ejecting HME from the leased property,[2] nor does any document in the record describe a formal vote ejecting HME. This absence is particularly puzzling in light of Article IV of the Tribe's bylaws, which requires that all ordinances and resolutions of the Tribal Council be numbered consecutively and made available for public inspection. The record simply reflects that Mitchell Cypress, Chairman of the Tribal Council, sent a letter on June 17, 2008, stating HME was in breach of the lease and if defaults were not cured, the Tribe would exercise its right to re-enter and retake the premises. The record also reflects the Tribe exercised this right on July 15, 2008, after HME denied any default existed. Nowhere does the record demonstrate this action was taken by the Tribal Council pursuant to a majority vote, as the tribal defendants

_____

[2] This was confirmed at oral argument by counsel for the defendants.

7

have claimed in their brief and as their description of their limited individual authority would seem to require.

The record's failure to support the tribal defendants' assertion that HME was removed pursuant to an official deliberative act calls into question the tribal defendants' assertions about the process generally required to effect a change in possession of the leased property and leaves this Court without a means to assess precisely what relief would be required to restore HME to possession in this case. If the ejection was not in accordance with the tribe's required procedures, it is unclear why a formal vote is necessary to correct it.

In any case, assuming the tribal defendants' description of the steps required to restore HME to the premises is accurate, we hold HME's requested relief does not implicate "special sovereignty interests" of the type the Court found to be protected in *Coeur d'Alene*. As we explained in *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1340 (11th Cir. 1999), "the remedy in *Coeur d'Alene* would have resolved, for all time, Idaho's property interests in the disputed submerged lands." Such relief was barred because it was the "functional equivalent" of a quiet title action against the state. *Id.*

Here, the requested injunction would merely affect the tribe's possessory rights to the property for the remainder of the lease term. It would not remove the

land from the tribe's jurisdiction or permanently deprive the tribe of its property interests. The fact the tribal officials may have to take a vote to effect compliance with such an injunction does not create a "special sovereignty interest." We therefore hold that the district court erred in concluding the relief sought implicates special sovereignty interests. Instead, we hold, based on this record and these parties, that HME's request for an injunction restoring it to the premises is not barred by tribal sovereign immunity. We do not address whether the actual entry of such an injunction would be appropriate under the circumstances of this case, nor do we address whether the tribal officials' actions were in fact in violation of federal law. We decide only that tribal sovereign immunity is not a jurisdictional bar to HME's claim for injunctive relief restoring it to the premises.

## II. CONCLUSION

We affirm the district court's dismissal of HME's claim for the return of collected rents. However, because we have determined the district court erred in holding tribal sovereign immunity bars HME's claim for an injunction to be restored to the premises, we reverse the district court's dismissal of this claim. We remand to the district court for further proceedings in accordance with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.