[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13482
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60016-WPD


HOLLYWOOD MOBILE ESTATES LIMITED,
a Florida Limited Partnership,

                                                        Plaintiff - Appellee,

versus

MITCHELL CYPRESS,
Chairman, Seminole Tribe of Florida,
RICHARD BOWERS,
Vice-Chairman, Seminole Tribe of Florida,
MAX B. OSCEOLA, JR.,
ROGER SMITH, and
DAVID CYPRESS,
Council Members, Seminole Tribe of Florida,
CHIEF OF POLICE WILLIAM R. LATCHFORD,
Seminole Tribe of Florida,
DIRECTOR FRED HOPKINS,
Real Estate Services Department,
Seminole Tribe of Florida,
in their official capacities,

                                                        Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 22, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Various officials of the Seminole Tribe of Florida appeal the district court's grant of a preliminary injunction to Hollywood Mobile Estates, Ltd. They contend that the underlying cause of action is only for breach of a lease agreement and thus does not fit within the limited exception to tribal sovereign immunity created by Ex parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908).

I.

Hollywood Mobile Estates operated a mobile home park on land it leased from the Seminole Tribe. In 2008 the Seminole Tribe ejected Hollywood Mobile Estates from the leased property and began collecting rent from sublessees. Hollywood Mobile Estates filed suit seeking restitution of the lost rent and an injunction compelling the Seminole Tribe to return possession of the land to it. The district court dismissed the suit for lack of jurisdiction, concluding the claims were barred by the Seminole Tribe's sovereign immunity.

On appeal, we affirmed the dismissal as to the restitution claim. Hollywood Mobile Estates, Ltd. v. Cypress, 415 F. App'x 207, 209 (11th Cir. 2011) (unpublished). But we reversed and remanded as to the request for injunctive relief, holding that the relief was not barred by the Seminole Tribe's sovereign immunity because it was prospective and did not implicate special sovereignty interests. See id. at 209–211. On remand, Hollywood Mobile Estates moved for a preliminary injunction ordering the Seminole Tribe to restore to it the leased property. The district court granted that motion and issued the requested injunction. The Seminole Tribe now appeals from that order.

## II.

We review only for an abuse of discretion a district court's decision to issue a preliminary injunction, but review de novo the legal conclusions upon which an injunction is based. Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011). A district court may grant a preliminary injunction if the moving party shows that: (1) "it has a substantial likelihood of success on the merits"; (2) it will be irreparably injured unless the injunction issues; (3) the threatened injury to it outweighs whatever harm the proposed injunction may cause to the opposing party; and (4) "if issued, the injunction would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir.

2006).

The Seminole Tribe's attack on the district court's order is merely an effort to relitigate the sovereign immunity question we decided one year ago. It argues that the injunction does not fit within the Ex parte Young exception to tribal sovereign immunity because it is issued to remedy an alleged breach of a lease and not a violation of the Constitution or federal law. But we have already held that injunctive relief in this case fits within the Ex parte Young exception. See Cypress, 415 F. App'x at 211 ("Instead, we hold, based on this record and these parties, that [Hollywood Mobile Estate's] request for an injunction restoring it to the premises is not barred by tribal sovereign immunity."). That is the law of the case and binding. See Ash v. Tyson Foods, Inc., 664 F.3d 883, __ (11th Cir. 2011) ("Under the law of the case doctrine, the district court and this Court are bound by findings of fact and conclusions of law made by this Court in an earlier appeal of the same case.")

**AFFIRMED.**